**Timothy Lee MAHAFFEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00148–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 12, 1996.

---

Joel Androphy, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before TAFT, MIRABAL and PRICE[1], JJ.

## OPINION

TAFT, Justice.

Appellant, Timothy Lee Mehaffey, pleaded guilty to the offense of driving while intoxicated (DWI). The trial court sentenced him to one-year confinement, probated for two years, and a $750 fine. Appellant challenges the trial court's rulings on two pretrial motions: (1) a motion to dismiss because the videotape of his sobriety tests had been erased or destroyed; and (2) a motion to quash the enhancement paragraph of the information because his prior conviction for DWI had been set aside and the information dismissed when the probation was terminated early. We affirm.

### Facts

On October 21, 1995, Tomball Police Officers Solomon and Williams arrested appellant for DWI. The officers took appellant to the Tomball Police Department, where they videotaped appellant during sobriety tests. When the tape was played, however, it turned out blank. Appellant was charged by information with the offense of DWI. The information included an enhancement paragraph because appellant had a prior DWI conviction.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Appellant filed a motion to dismiss the information because the videotape of his sobriety tests was blank. However, the trial court denied the motion to dismiss because appellant did not provide evidence of bad faith on the part of the police, or of the exculpatory nature of the videotape.

Appellant also filed a motion to quash the enhancement paragraph of the information. In the motion to quash, appellant argued the enhancement paragraph was improper because he successfully completed his probation for the earlier DWI conviction, and the judge on the earlier case permitted him to withdraw his guilty plea. The trial court denied the motion to quash and ruled that the other judge had merely followed the procedures set out in article 42.12, section 20, of the Texas Code of Criminal Procedure, which does not affect the State's ability to use prior convictions.

Appellant pleaded guilty, pursuant to a plea bargain, and the trial court gave appellant permission to appeal its rulings on both motions.

### Blank Videotape

In point of error one, appellant argues the trial court erred in denying his motion to dismiss because the State did not preserve the videotape of his sobriety tests.

■ The duty to preserve evidence is limited to evidence that possesses an exculpatory value that was apparent before the evidence was destroyed. *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984); *McDonald v. State*, 863 S.W.2d 541, 543 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Therefore, a defendant must demonstrate the lost evidence was both favorable and material to his case. *U.S. v. Valenzuela–Bernal*, 458 U.S. 858, 873, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982); *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim.App.1979); *McDonald*, 863 S.W.2d at 543. A showing that the lost evidence *might have* been favorable does not satisfy the materiality requirement. *McDonald*, 863 S.W.2d at 543; *Hebert v. State*, 836 S.W.2d 252, 254 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Further, to establish that the failure to preserve the videotape constitutes a violation of due process or due course of law rights, appellant must demonstrate the police erased the videotape in bad faith. *See Hebert*, 836 S.W.2d at 254.

■ Appellant merely asserted the videotape might have had exculpatory value. At the motion to dismiss hearing, appellant's counsel suggested that "we can assume that [appellant] *probably* did a pretty good job," because the officer did not remember anything outrageous about appellant's behavior. Appellant's counsel then conceded that "I'm not saying, and I don't have any evidence that he did a great job." Appellant's argument that the evidence *probably* was exculpatory has the same effect as saying that the evidence *might* have been exculpatory. This showing does not meet the materiality standard. *Hebert*, 836 S.W.2d at 254.

Further, appellant has not demonstrated the Tomball Police Department erased the videotape in bad faith. The only testimony on this element was from Officer Solomon, who stated he had no animosity toward appellant, and, to the best of his knowledge, no one from Tomball Police Department had erased the tape. In addition, appellant's counsel conceded there was no evidence of bad faith when he stated at the hearing, "I'm not saying that someone necessarily went out and tried to erase it. There's no evidence of that."

Because appellant has not demonstrated the exculpatory value of the videotape, nor that the Tomball Police erased the video tape in bad faith, we overrule appellant's first point of error.

### Dismissed Enhancement Conviction

■ In point of error two, appellant contends the trial court erred in denying his motion to quash the information because it included an enhancement paragraph. Appellant's conviction was enhanced by a 1992 DWI conviction. Appellant argues his 1992 conviction cannot enhance his current conviction because the prior conviction had been set aside. This is an issue of first impression in Texas.

Appellant successfully completed probation for the 1992 DWI conviction, and, on October 6, 1993, the trial court terminated the probation early and set aside the conviction under former section 23 of article 42.12, Texas Code of Criminal Procedure.[2] While that article allowed for early termination of a DWI probation, it explicitly did not authorize a court to dismiss the information and set aside the verdict when terminating a DWI probation.[3]

Appellant argues this prohibition against dismissing only an early-terminated DWI probation demonstrates the legislature's recognition that a set-aside conviction cannot be used for enhancement purposes. As the State points out, the only probated convictions allowed to be used for enhancement are DWI convictions under the special DWI enhancement provision. *See* TEX. PENAL CODE ANN. § 49.09 (Vernon Supp.1996). We agree with appellant that the legislature recognizes that a set-aside DWI conviction would not be available for enhancement, and that is why the legislature prohibited trial courts from setting aside DWI convictions when terminating probations for DWI convictions early.

However, the State's position is that because the trial court was not authorized to grant the order, the order setting aside appellant's 1992 DWI conviction is void. The State implicitly argues that the void order is no impediment to utilizing appellant's prior probated conviction for DWI to enhance the present offense.

Generally, where an order granting probation is unauthorized, it is void. *State ex rel. Curry v. Gray,* 599 S.W.2d 630 (Tex. Crim.App.1980); *Dougherty v. State,* 740 S.W.2d 516, 517 (Tex.App.—Houston [1st Dist.] 1987, no pet.). The same is true for an order granting unauthorized deferred adjudication or shock probation. *Heath v. State,* 817 S.W.2d 335, 339 (Tex.Crim.App.1991); *Norris v. State,* 630 S.W.2d 362, 363 (Tex. App.—Houston [1st Dist.] 1982, no pet.).

There has also been a relatively recent development in Texas criminal law allowing trial courts and appellate courts to reform erroneous verdicts and judgments to remove unauthorized portions. *See* TEX.CODE CRIM. PROC. ANN. art. 37.10(b) (Vernon Supp.1996); *Ex parte Johnson,* 697 S.W.2d 605, 607–08 (Tex.Crim.App.1985). Appellant acknowledges that punishments may be reformed, but argues that to do so here would violate this Court's holding in *Reed v. State,* 795 S.W.2d 19, 21 (Tex.App.—Houston [1st Dist.] 1990, no pet.) (holding we could not reform a sentence to add a fine that had not been assessed). We see a distinction between this case and the situation in *Reed,* where the State asked this Court to add a 99–cent fine to a judgment in order to satisfy the statutory requirement that the punishment include a fine, yet comport with the jury's verdict awarding a fine of no dollars. Here, as in those situations where an unauthorized penalty is assessed, we are simply ignoring the

---

**2.** Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3516. At that time the statute read in pertinent part:

At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense other than an offense under … Article 6701*l*–1, Revised Statutes [DWI], and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss

the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

**3.** The State points out the current version is even more strict, prohibiting both early termination *and* setting aside the conviction. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 20(b) (Vernon Supp.1996). Where the previous statute did not allow the court to dismiss the information and set aside the conviction, the trial court's stated reason for denying appellant's motion to quash, *i.e.,* that setting aside the prior DWI conviction was in adherence to the applicable statute, is erroneous.

unauthorized portion of the order terminating probation.

Therefore, we hold the unauthorized portion of the 1992 termination of probation order, *i.e.*, the portion permitting withdrawal of the plea of guilty, dismissing the information and setting aside the judgment of conviction, is void. It thus had no effect on the State's utilization of the prior probated DWI conviction to enhance the present offense.

Accordingly, we overrule appellant's second point of error.

## Conclusion

We affirm the trial court's judgment.