Andrew Wayne Baker v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-336-CR

     ANDREW WAYNE BAKER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court at Law No. 14
Harris County, Texas
Trial Court # 1045993
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      After the trial court denied his Motion to Dismiss for State’s Loss/Destruction of Exculpatory
Evidence, Andrew Wayne Baker pled guilty to driving while intoxicated. The trial court assessed
his punishment at 180 days in jail, but suspended that sentence and placed Baker on community
supervision for one year. Baker appeals the court’s denial of his motion to dismiss.

Motion to Dismiss
      In one issue, Baker contends the trial court abused its discretion in denying his motion to
dismiss. Baker argues that his motion should have been granted because the State: 1) lost a
videotape made of Baker at the police station; and 2) failed to produce a videotape made at the
scene until the day before trial.
Lost Evidence
      The State has a duty to preserve exculpatory evidence. California v. Trombetta, 467 U.S.
479, 488-89, 104 S. Ct. 2528, 2534, 81 L. Ed. 2d 413 (1984); Williams v. State, 946 S.W.2d
886, 893 (Tex. App.—Waco 1997, no pet.). When an accused complains of lost evidence, he
must show that the evidence lost is material and favorable to him. United States v. Valenzuela-Bernal, 458 U.S. 858, 873, 102 S. Ct. 3440, 3449, 73 L. Ed. 2d 1193 (1982); Williams, 946
S.W.2d at 893. "A showing that the lost evidence might have been favorable does not meet the
materiality standard." Hebert v. State, 836 S.W.2d 252, 254 (Tex. App.—Houston [1st Dist.]
1992, pet. ref'd) (emphasis in original); accord Gamboa v. State, 774 S.W.2d 111, 112 (Tex.
App.—Fort Worth 1989, pet. ref'd) (citing Valenzuela-Bernal, 458 U.S. at 873, 102 S. Ct. at
3449)). In addition, the accused must show that the State acted in bad faith when it failed to
preserve the evidence in order to show a violation of due process or due course of law. Arizona
v. Youngblood, 488 U.S. 51, 58, 109 S. Ct. 333, 337, 102 L. Ed. 2d 281 (1988) (due process);
Mahaffey v. State, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet. h.) (due
course of law).
      Baker’s lead trial attorney testified at the hearing on the motion to dismiss that he viewed the
videotape made at the station and formed the opinion that it was exculpatory. An assistant district
attorney testified that computer records revealed he had checked out the tape but he did not have
any recollection of that tape. That assistant testified that he did not do anything to dispose of the
tape or to deliberately misplace it. Another assistant district attorney explained that the video
room at the district attorney’s office and the office itself had been searched for the tape. That
assistant acknowledged that the tape was lost but that the State did not act in bad faith or willfully
lose the tape.
      Even if the station-made tape was exculpatory, there was no evidence that the State acted in
bad faith when it lost the tape. The trial court did not abuse its discretion in denying Baker’s
motion to dismiss on this claim.
Withheld Evidence
      Evidence willfully withheld from disclosure under a discovery order should be excluded from
evidence. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); Pena v. State, 864
S.W.2d 147, 149 (Tex. App.—Waco 1993, no pet.). However, the extreme sanction of exclusion
should not be imposed absent bad faith or willfulness on the part of the prosecution. Pena, 864
S.W.2d at 149.
      Baker contends that because a similar incident occurred with the same officer; i.e., the scene
tape was produced the day before trial, the State acted willfully in withholding that evidence. The
officer testified that he noted on his report that tapes were made at the scene and at the police
station. He believed that a new prosecutor could have missed that notation. It was uncontroverted
that a new prosecutor was handling Baker’s trial. Baker did not prove bad faith or willfulness by
the State.
      Even if the State had acted willfully or with bad faith, the sanction, as noted above, would be
exclusion of the evidence, not dismissal of the cause. Because dismissal would not be the
appropriate remedy, the trial court did not abuse its discretion in denying Baker’s motion to
dismiss on this claim.
Conclusion
      The trial court did not abuse its discretion in denying the motion to dismiss. Its judgment is
affirmed.

                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]



Waco ISD left
the belt, we are instructed that the evidence is no more than a scintilla and that the no-evidence
point should be sustained. Cazarez, 937 S.W.2d at 450.
      Even if one were to accept the view that Zipperlen’s testimony is some probative evidence that
no belts were present when he and Howard arrived to work in April 1992, the evidence is factually
insufficient to establish that proposition.
      Evidence other than Zipperlen’s testimony bears on the factual-sufficiency question.


 First,
Rusty Wooley testified that belts were present on the roof before and after Cockrum fell and after
Jacobs-Cathey worked there. He also testified that he did not check the roof before Jacobs-Cathey’s 1992 work. Finally, he said that Jacobs-Cathey was known for failing to remove the
debris it generated from its work sites.
      Second, Andrew Van Dulock testified that Waco ISD employees had replaced belts on the
school’s roof as late as September 3, 1991, and that they may have left the belt that caused
Cockrum’s fall. He said that Jacobs-Cathey was “not careless” about cleaning up its work-sites.
      Third, photographs taken after the fall show several belts lying on the roof.
      Essentially, the testimony from Wooley and Van Dulock conflicts about Jacobs-Cathey’s work
habits. Wooley’s testimony about work habits conflicts with Zipperlen’s. Van Dulock testified that
Waco ISD employees may have left belts on the roof. None of the recited evidence adds weight
to the proposition that Jacobs-Cathey left the belt that caused Cockrum to fall. Asking whether it
is “more probable than not” that Jacobs-Cathey left any belts on the school’s roof or left the actual
belt that caused Cockrum to fall, I believe that the evidence is so weak and insufficient as to
demonstrate that the finding that Jacobs-Cathey was negligent is clearly wrong and manifestly
unjust. El Chico Corp. v. Poole, 732 S.W.2d 306, 313 (Tex. 1987) (plaintiff must prove that it
is more probable than not that but for the defendant’s conduct the accident would not have
occurred); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); William Powers, Jr. & Jack Ratliff,
Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 519 n.11
(1991).
      I would reverse the judgment and render judgment that Cockrum take nothing. Alternatively,
I would remand the cause for another trial.
 
                                                                  BILL VANCE
                                                                   Justice
 
 
Concurring and dissenting opinion delivered and filed June 4, 1997
Publish