In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00125-CR


______________________________




GORDON LEE MALLETT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 12,949




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Gordon Lee Mallett appeals his conviction by a jury for driving while intoxicated
(third offense), a third degree felony. See Tex. Pen. Code Ann. §§ 49.04, 49.09(b)(2)
(Vernon Supp. 2003). The jury assessed his punishment at four years' imprisonment.

 On appeal, Mallett's attorney has filed an appellate brief in which he concludes that,
after a review of the record and the related law, the appeal is frivolous and without merit. 
He has evaluated the record and has found no error that arguably supports an appeal. 
The brief thus meets the requirements of Anders v. California, 386 U.S. 738 (1967), and
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Mallett did not file a response
pro se.

 In his Anders brief, Mallett's attorney raises the arguable issue that the evidence is
factually insufficient, but concludes the issue is without merit. Deputy Sheriff Marty
Massoletti testified he stopped Mallett after observing three times, over the course of
several minutes, that Mallett failed to maintain a single lane of traffic while driving. When
Massoletti activated his police warning lights, Mallett did not pull over immediately,
prompting Massoletti to activate his siren. Mallett again did not immediately stop, traveling
an additional mile or so. 

 As Massoletti approached Mallett's truck, he noticed a strong odor of alcohol coming
from the driver's side. He requested Mallett's license, but Mallett handed him a blue credit
card instead. He asked Mallett to get out of his truck and noticed Mallett "was very
unsteady on his feet and also while walking to the back of the vehicle." Massoletti then
administered several field sobriety tests, each of which he testified Mallett failed. He
testified Mallett did not indicate he had any physical limitations that would impair his
performance on the field sobriety tests. 

 Massoletti testified Mallett admitted he had "about a six pack" to drink that evening. 
Mallett also refused to submit to a breathalyzer test. A search incident to Mallett's arrest
revealed a "24-pack" of beer. Fifteen of the twelve-ounce beer cans were full, but "[t]here
were a couple empties" in the truck as well. Officer Rex Haynes, who was also at the
scene, testified Mallett's passenger, who is Mallett's son-in-law, told him he and Mallett had
been drinking beer the entire day. 

 The State also presented evidence Mallett had two previous convictions for driving
while intoxicated, one in 1986 and the other in 1990. (1)

 Mallett's evidence tended to contradict the State's evidence. Mallett and his son-in-law, who was with Mallett all day on the day Mallett was arrested, both testified Mallett did
not drink anything that day. Mallett's son-in-law denied telling anyone Mallett had been
drinking and testified it was he, not Mallett, who purchased the case of beer and drank the
beer in the truck. Mallett, his wife, his son, and his son-in-law each testified Mallett had not
drunk alcohol since 1997 because his doctors ordered him to stop after his heart attack
and multiple by-pass surgery. 

 Mallett and his wife both testified regarding several impairments from which Mallett
suffered in addition to his heart condition, including a deformed arm, severe leg problems,
and deteriorated disks in his back. Mallett testified he had five surgeries on his legs and
was taking medication that causes muscle pain and weakness in his legs, feet, and back. 

 Mallett admitted he did not immediately pull over when he saw Massoletti's warning
lights, but testified he did not realize Massoletti was chasing him, believing instead that
Massoletti was pursuing another motorist who was behind him and in front of Massoletti. 
He denied telling Massoletti he had consumed a six pack of beer. He blamed his inability
to perform the field sobriety tests on his physical condition and testified he told Massoletti
of his condition several times. 

 Mallett testified that he did not think he crossed the dividing lines in the road, but
that he might have driven on the lines because he can only use one arm to steer. Mallett's
son testified his father's truck had a serious problem in the steering column that made it
hard to control. 

 Under a factual sufficiency analysis, we examine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); see also Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996). Accordingly, we reverse the fact-finder's determination only
to arrest the occurrence of a manifest injustice. Johnson, 23 S.W.3d at 12. Otherwise, we
must give due deference to the fact-finder's determinations concerning the weight and
credibility of the evidence. Id. at 9.

 The State had to prove Mallett (1) was operating a motor vehicle, (2) in a public
place, (3) while intoxicated, and (4) had been twice convicted of any other offense relating
to the operating of a motor vehicle while intoxicated. Tex. Pen. Code Ann. §§ 49.04,
49.09(b)(2). Intoxicated means not having the normal use of one's mental or physical
faculties by reason of the introduction of alcohol or having alcohol concentration of 0.08
or more. Tex. Pen. Code Ann. § 49.01(2) (Vernon Supp. 2003).

 After reviewing the record, we conclude the evidence supports the jury's verdict. 
Mallett essentially disputed all of the testimony of the State's witnesses. As the finder of
fact, the jury was the sole judge of the credibility and demeanor of the witnesses. The
jury's decision to give greater weight to the State's witnesses does not present a manifest
injustice that would require reversal of Mallett's conviction. We have also conducted our
own review of the record and determined there are no other arguable issues for appeal.

 We affirm the trial court's judgment.



 Donald R. Ross

 Justice


Date Submitted: February 3, 2003

Date Decided: February 4, 2003


Do Not Publish


1. The record shows Mallett's 1986 conviction was set aside when he successfully
completed community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 20
(Vernon Supp. 2003). However, it appears the trial court was without authority to set aside
that conviction under the version of Article 42.12 then in effect (and under the present
version) because the statute did not allow setting aside a conviction for DWI. See Act of
May 27, 1983, 68th Leg., R.S., ch. 303, 1983 Tex. Gen. Laws 1568, 1592 (current version
at Tex. Code Crim. Proc. Ann. art. 42.12, § 20 (Vernon Supp. 2003)). One court has held
a similar order was void. See Mahaffey v. State, 937 S.W.2d 51, 54-55 (Tex.
App.-Houston [1st Dist.] 1996, no pet.). There are several unpublished opinions making
the same holding.


cked="false" Priority="73" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00046-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2009-C-0023

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Calvin Wayne
Burnham filed a notice of appeal March 22, 2010, in trial court cause number
2009-C-0023.  We have contacted the
district clerk, and no trial court judgment has been entered for that cause
number against Burnham.    

            A timely
notice of appeal from a conviction or an appealable order is necessary to
invoke this Courts jurisdiction.  Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).  This Court has
jurisdiction over criminal appeals only when expressly granted by law.  Everett
v. State, 91 S.W.3d 386 (Tex. App.Waco 2002, no pet.).

            Since there is
no appealable order or judgment, we dismiss this appeal for want of
jurisdiction.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
13, 2010

Date Decided:             July
14, 2010

 

Do Not Publish