NUMBER 13-01-565-CR

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI-EDINBURG 

 



AMADOR AVILA TORRES. Appellant,



v.




THE STATE OF TEXAS , Appellee.

 



On appeal from the 36th District Court 

of San Patricio County , Texas.


 OPINION


 Before Chief Justice Valdez and Justices Rodriguez and Castillo


 Opinion by Chief Justice Rogelio Valdez


 Appellant, Amador Torres, was convicted of the felony offense of deadly conduct. Tex. Pen. Code Ann.
22.05 (Vernon 2003). Through two issues, appellant argues the trial court erred in: 1) denying appellant's
motion for new trial; and 2) denying appellant's motion to withdraw the sentence and place him on community
supervision. We affirm.

Facts & Procedural History

 On November 9, 2000, Yolanda Avila was outside her father's residence on County Road 61A in San Patricio
County, Texas. Her father, Arturo Avila, lives across the street from Juan Torres, father of Domingo Torres
and the appellant. At approximately 7:00 p.m. Yolanda noticed Domingo drinking beers and looking at her
direction. Domingo began cussing at Yolanda and her father. Yolanda and her father went to their fence and
told Domingo they did not want any problems. Juan came outside and told them to get off his property, to
which the Avilas replied they were not on his property. Yolanda and her father went back inside. At
approximately 7:30 p.m., when Yolanda and her father attempted to leave his residence and drive to a local
store, Domingo pulled in front of Arturo's vehicle. Arturo stopped his vehicle abruptly but was unable to avoid
hitting the rear of Domingo's vehicle. After the collision, Yolanda looked up and saw Domingo staring
straight at her. She heard a gunshot, which hit her side of the truck, and then saw appellant standing there
shooting at them. Arturo drove off and took his daughter to her house. 

 Appellant was indicted individually and as a party with Domingo Torres, for the felony offense of deadly
conduct. The trial court granted an instructed verdict as to Domingo. The jury found appellant guilty as
charged in the indictment. The trial court assessed punishment at two years in the Institutional Division of the
Texas Department of Criminal Justice and a $1,500.00 fine. Appellant filed a motion for new trial, which the
trial court denied.

Analysis

 Appellant's first issue argues the trial court erred in denying his motion for new trial. Appellant contends he
could not have been the shooter, because he arrived on the scene about ten minutes after the shots were fired. 

 Appellant's analysis, which is less than one and one-half pages long, fails to adequately apprise this Court of
how the trial court allegedly erred. Appellant fails to articulate whether he is challenging either the factual or
legal sufficiency of the evidence. Furthermore, with regard to issue one, appellant fails to cite any authority
supporting any legal position or contention. 

 Rule 38.1(h) of the rules of appellate procedure requires an appellant to include in his brief a "clear and
concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.
R. App. P. 38.1(h). Here, appellant made conclusory factual statements in his brief arguing he "did not arrive
at the scene until about ten . . . minutes after the shots were fired." Appellant provides no discussion or
analysis of relevant authorities to support his argument that the trial court erred in denying his motion for new
trial. Under these circumstance, we cannot conclude this point has been adequately preserved for our review. 
Menchaca v. State, 901 S.W.2d 640, 649-50 (Tex. App.-El Paso 1995, pet. ref'd). Appellant's first issue is
overruled.

 Appellant's second issue argues the trial court erred in denying his motion to withdraw his sentence of two
years confinement and place appellant on community supervision. He specifically argues, 



 Article 42.12 Sec. 3(g) . . . [d]oes not allow equal protection under the law because it provides for "shock
probation" for conviction of a first (1st) or second (2nd) degree felony involving a firearm but does not
provide for "shock" probation for a defendant convicted of a third (3rd) degree felony involving a firearm.



As a preliminary matter, this Court finds appellant's repeated references to article 42.12, section 3(g)(a)(2) as
"shock probation" to be misplaced. 

 Appellant fails to recognize the difference between "shock probation," which is detailed in article 42.12,
section 6 of the Texas Code of Criminal Procedure, and penitentiary time as a condition of community
supervision, which is outlined in article 42.12 section 3(g)(a)(2). Compare Tex. Code Crim. Proc. Ann. art.
42.12, § 6 (Vernon Supp. 2003), with Tex. Code Crim. Proc. Ann. art. 42.12, § 3(g)(a)(2) (Vernon Supp.
2003).

 This distinction was recently addressed in the book, "Texas Practice," by Dix and Dawson, which stated the
following:

 There is some confusion in the case law between felony shock probation and service of a term of 60 to 120
days in the penitentiary as a condition of regular felony community supervision. The latter is authorized to be
used in the discretion of the trial court if a jury gave regular community supervision for a felony of the first or
second degree and the trial court has entered a finding in the judgment that a firearm was used or exhibited
during commission of the offense or immediate flight therefrom. After the defendant has served 60 days in
prison, the trial court may order the defendant released to community supervision. If still incarcerated at 120
days, the prison must administratively release the defendant to community supervision.

 The distinction between the two is clear. In shock community supervision, the defendant enters prison to
serve a felony sentence. If the defendant receives community supervision, it does not begin until he or she is
returned to court, further execution of sentence is suspended and the defendant is placed on community
supervision. For the 60 to 120 days in prison as a condition of community supervision, the defendant has been
placed on community supervision by a jury (or, possibly, a judge) and must serve at least 60 but not more than
120 days in prison as a condition of community supervision, not as service of a felony prison sentence. Since
the defendant was originally placed on community supervision, he or she has a right to release from prison
when the court directs but not later than 120 days.



43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice And Procedure, § 39.61 (West
2001)(emphasis provided). 

 In the present case, the jury found appellant guilty of the third degree felony of unlawful deadly conduct, and
the judge made an affirmative finding that a deadly weapon was used. The trial court assessed punishment at
two years' confinement and a fine of $1,500.00, with no community supervision. Appellant then filed a motion
to withdraw sentence and place defendant on community supervision which the trial court denied stating
"Article 42.12 § 3(g) of the Code of Criminal Procedure prevents the Court from placing this defendant on
Community Supervision in this case."

 The controlling statute in this case is article 42.12 Sec 3(g)(a)(2) which states that community supervision is
unavailable if there is a deadly weapon finding. Tex. Code Crim. Proc. Ann. art 42.12, § 3(g)(a)(2)(Vernon
Supp. 2003). Article 3(g)(b) is inapplicable because the defendant was not granted community supervision.

 As for the appellant's argument that section 3(g)(b) violates his "equal protection" rights because it allows for
a defendant to be removed from confinement and placed on community supervision for first and second degree
felons but not third degree felons, we disagree.

 We read the statute to give the trial court discretion to order a term of 60 to 120 days service in the
penitentiary to first and second degree felony offenders who have committed 3(g) offenses and received
regular felony community supervision. In effect, this statute is favorable to defendants convicted of third
degree felonies because if they have been granted community supervision by a jury it does not give the trial
court authority to sentence them to a service of 60 to 120 days.

 Accordingly, this Court holds the trial court committed no error in refusing the appellant's request to
withdraw his sentence and place him on community supervision. Appellant's request was prohibited by the
code of criminal procedure and to do so would have resulted in an unauthorized order. Tex. Code Crim. Proc.
Ann. art 42.12, § 3(g)(a)(2)(Vernon Supp. 2003)(prohibiting court-ordered community supervision if there is
a deadly weapon finding); see Ex parte Seidel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001) (explaining that
acts not authorized by law render judgment void and a void judgement is "nullity"); see also Mahaffey v.
State, 937 S.W.2d 51, 54 (Tex. App.-Houston [1st Dist.] 1996, no pet.) (holding that an order granting
community supervision is generally void if it is unauthorized). Appellant's second issue is overruled. 

 We affirm the judgment of the trial court. 

 

ROGELIO VALDEZ

Chief Justice

Do not publish.

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 26th day of June , 2003.