

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1411-07

**JOSE LUIS PENA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS LEON COUNTY

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, and HERVEY, JJ., joined. HOLCOMB, J., filed a dissenting opinion in which PRICE and JOHNSON, JJ., joined and in which COCHRAN, J., joined with respect to Part 1.

### O P I N I O N

Jose Luis Pena objected to the admission of lab test results because the State destroyed the substance tested before trial. He objected under the Texas Constitution's due course of law provision but failed to argue, before the trial judge, that it is more protective than the federal Due Process Clause. The lower court held that Pena's Texas constitutional claim was

preserved and reversed on that ground.[1]  We hold that it was not and reverse the court's judgment.

## Background

Pena was charged with possession of marijuana that was seized during a traffic stop in 1998.  Before trial in 2003, Pena sought an independent lab analysis of the substance.  He learned that it had been destroyed in 2000.  He also learned that, with the exception of the Department of Public Safety's lab report, which recorded that the substance tested was marijuana, all of the records documenting the testing were lost.  Before trial, Pena moved to suppress the lab test results under Section 481.160 of the Texas Health and Safety Code and Article 38.22 of the Texas Code of Criminal Procedure.  Pena also lodged broad constitutional objections and custody objections "under the laws of the State of Texas and [the] Constitution of the United States and the State of Texas . . . ."  Framing the issue before him in accordance with the standard announced by the United States Supreme Court in *Arizona v. Youngblood*,[2] the trial judge responded:

> And I would note that under case law, as I understand it, it is the burden of proof of the defendant to prove that the destruction of the evidence was done willfully and that – – and it is further your burden to show that the retention of the evidence would be favorable to your case.  So, therefore, the Court is going to carry that motion along with the trial of this case . . . . Does anybody have

---

[1] *Pena v. State (Pena III)*, 226 S.W.3d 634, 637, 656 (Tex. App.—Waco 2007).

[2] 488 U.S. 51, 58 (1998) (the State's failure to preserve "potentially useful evidence" does not violate the Fourteenth Amendment's right to due process unless the defendant can show "bad faith" on the part of the police); *see also Illinois v. Fisher*, 540 U.S. 544 (2004).

any comment they would like to make on that?

The prosecutor agreed with the trial judge's understanding of the issues. Pena then added two more objections—an objection under the federal Confrontation Clause and an objection under the Texas Constitution's confrontation clause, Article I, Section 9. After further argument from Pena, the trial judge stated:

> I need to hear the evidence before I rule on this. But citing these cases, the United States versus [Valenzuela-Bernal][3] and the Mahaffey[4] case, a showing that the lost evidence might have been favorable does not have the – – does not meet the materiality standard. And then California versus [Trombetta],[5] again Mahaffey. When an accused complains of lost evidence he must show that the evidence lost is both material and favorable to him.

During trial, when the State called Charles Mott, a chemist with the Department of Public Safety, to testify, Pena objected to the admission of the lab test results. Pena requested the opportunity to question Mott, outside of the jury's presence, to assess his qualifications and to determine the admissibility of the test results. Regarding the latter, Pena argued that the admission of the lab results would violate his federal and state confrontation rights. Pena also asserted his right to due process, stating "the objection would be under the

---

[3] *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872-73 (1982) ("The mere fact that the Government deports such witnesses is not sufficient to establish a violation of the Compulsory Process Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment. A violation of these provisions requires some showing that the evidence lost would be both material and favorable to the defense.").

[4] *Mahaffey v. State*, 937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (discussing the State's duty to preserve evidence under federal constitutional law).

[5] *California v. Trombetta*, 467 U.S. 479, 489 (1984) (discussing the State's duty to preserve evidence under the Due Process Clause in the Fourteenth Amendment).

due process rights of the accused and the due course of law, which would be the Fifth and Sixth and Fourteenth Amendments." The trial judge granted Pena's request to question Mott, and after the parties questioned him about the destruction of the evidence, the trial judge explained:

> Now, the Court understands that we have lost evidence here and in these type[s] of cases the defendant must show that the prosecution acted in bad faith when it failed to preserve the evidence to show a violation of due process or due course of law. And the defendant also has to prove that the lost evidence would be material to the case.

With these issues in mind, the trial judge then questioned Mott. Based on Mott's testimony, the trial judge found that the evidence was material but concluded that it was not favorable to Pena and that the State did not destroy it in bad faith. Pena then reurged his previous objections. In doing so, Pena, for the first time, explicitly relied on the due course of law provision of the Texas Constitution, Article I, Section 19, but he did not suggest that it provides greater protection than the United States Constitution. The trial judge overruled Pena's objections, and Pena was later convicted and sentenced to life imprisonment.

On appeal in the Waco Court of Appeals, citing Supreme Court precedent, including *Youngblood*, Pena claimed, among other things, that the trial judge erred by admitting the lab test results.[6] Although neither party raised the issue, the court of appeals decided to address whether the Texas Constitution's due course of law provision affords greater protection than

---

[6] *Pena v. State (Pena II)*, 191 S.W.3d 133, 134 (Tex. Crim. App. 2006); *see also Pena v. State (Pena I)*, 166 S.W.3d 274, 276-77 (Tex. App.—Waco 2005).

the Due Process Clause of the Fourteenth Amendment.[7] The court determined that the due course of law provision "provides a greater level of protection with respect to lost or destroyed evidence than does the United States Constitution."[8] And, despite the absence of evidence showing that law enforcement acted in bad faith, the court, with Chief Justice Gray dissenting, reversed and remanded the case for a new trial.[9]

The State petitioned for review, which we granted to determine whether the court of appeals erred in reversing the trial judge's ruling on a legal theory that Pena never presented to the trial judge or the court of appeals.[10] We reversed and remanded the case, holding that the court erred by addressing the Texas Constitution's due course of law provision without first giving the parties an opportunity to brief the issue.[11] We recognized that whether the due course of law provision grants more protection than the Due Process Clause is a novel state constitutional question and therefore requires careful deliberation by an appellate court.[12] And following our usual practice of allowing the lower appellate courts to address preservation in the first instance,[13] we expressly declined to address whether Pena's due

---

[7] *Pena II*, 191 S.W.3d at 134; *see also Pena I*, 166 S.W.3d at 278.

[8] *Pena I*, 166 S.W.3d at 276.

[9] *Id.*

[10] *Pena II*, 191 S.W.3d at 135.

[11] *Id.* at 138.

[12] *Id.* at 136-37.

[13] *See Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).

course of law claim was preserved.[14]

On remand, the court of appeals held that the due course of law provision provides greater protection than the Due Process Clause when the State loses or destroys evidence.[15] The court concluded that Pena's due course of law rights were violated and held that Pena was harmed.[16]

The State petitioned for review a second time, this time alleging, among other things, that the court of appeals erred in finding that Pena preserved the due course of law provision claim at trial. We granted review and now conclude that the court of appeals erred.

## Analysis

Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

(a) In General. --As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;[17]

---

[14] *Pena II*, 191 S.W.3d at 136 n.14.

[15] *Pena III*, 226 S.W.3d at 651.

[16] *Id.* at 654-55.

[17] TEX. R. APP. P. 33.1.

This Rule encompasses the concept of "party responsibility."[18] The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale.[19] Error preservation does not involve a hyper-technical or formalistic use of words or phrases; instead, "[s]traight forward communication in plain English" is sufficient.[20] To avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it."[21] This gives the trial judge and the opposing party an opportunity to correct the error.[22] Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.[23] In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time.[24]

---

[18] *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005) (quoting 1 Stephen Goode, et al., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 103.2 (2d ed. 1993)).

[19] *Id*. at 177.

[20] *Lankston v. State*, 827 S.W.2d 907, 908-09 (Tex. Crim. App. 1992).

[21] *Id*. at 909.

[22] *Reyna*, 168 S.W.3d at 179.

[23] *Id*. at 177 (quoting *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002)).

[24] *Lankston*, 827 S.W.2d at 911.

Here, the record shows that Pena did not preserve his due course of law provision claim for appellate review, and the Waco Court of Appeals erred in concluding otherwise. Although Pena eventually invoked the Texas due course of law provision when objecting before the trial judge, he failed to argue that it provides greater protection than the federal Due Process Clause. Indeed, based on Pena's initial objection under the Fourteenth Amendment, the record shows that the judge and the State understood that Pena's complaint was under only the well established federal standard concerning lost or destroyed evidence. Pena never disabused the judge of this notion even when, in reurging his prior objections to "protect the appellate record," he first cited to Article 1, Section 19. Pena was obligated to put the trial judge on notice of the specific legal theory that he intended to advocate because: the federal constitutional standard was clearly established;[25] the trial judge and the State unmistakably relied solely on the federal standard; and there is no independent interpretation on the subject of lost or destroyed evidence under the Texas Constitution's due course of law provision. We hold that, by failing to distinguish the rights and protections afforded under the Texas due course of law provision from those provided under the Fourteenth Amendment before the trial judge in this context, Pena failed to preserve his complaint that the due course of law provides greater protection for appellate review.

Finally, we consider an issue raised by the dissent. The dissent contends that we implicitly ruled that Pena's due course of law complaint was preserved when we remanded

---

[25] *Youngblood*, 488 U.S. at 57-58.

this case in 2006.[26]  However, as noted above, we explicitly decided not to address preservation at that time.[27]  We did this because the court of appeals never expressly ruled on the issue before proceeding to the merits of the issue as "unassigned error."[28]  Therefore, when remanding for briefing, we took into account two important policy interests: first, to allow the parties to have an opportunity to brief the threshold preservation question given the novelty of the issue; and second, to allow the court of appeals to decide the issue in the first instance with briefing.[29]  It defies logic to say that we implicitly ruled on the preservation issue when we expressly declined to do so.

**Conclusion**

Because Pena did not preserve his Texas Constitution due course of law complaint for appellate review, the court of appeals erred in addressing that complaint and reversing Pena's conviction and sentence on that ground.  We reverse the court of appeals's judgment and remand for proceedings consistent with this opinion.  Finally, it is unnecessary to reach the State's remaining grounds in light of our resolution of the preservation issue.

DATE DELIVERED: April 8, 2009
PUBLISH

---

[26]  *Post*, at 2-5.

[27]  *Pena II*, 191 S.W.3d at 136 n.14.

[28]  *Pena I*, 166 S.W.3d at 276-77.

[29]  *See Jones*, 942 S.W.2d at 2 n.1.