Opinion issued March 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00192-CR

———————————

 

Eugene
Willie Sereal,
Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 405th District Court

Galveston County, Texas



Trial Court Case No. 08CR0173

 



 

MEMORANDUM OPINION

          Eugene Willie Sereal was convicted by
a jury of possession of cocaine.  The
jury further found the allegations in two enhancement paragraphs to be true and
assessed punishment at 65 years’ confinement. 
In five issues, appellant contests (1) the denial of his motion to
suppress, (2) the admission of the State’s defective chain‑of‑custody
affidavit as well as the cocaine found on him, (3) the refusal of a spoliation
instruction, (4) legal sufficiency of the evidence, and (5) factual sufficiency
of the evidence.  We affirm.

Background

          At the pretrial hearing on appellant’s
motion to suppress and at the trial itself, Officer Scott Cogburn testified as
to the traffic stop giving rise to the arrest. 
According to Officer Cogburn, he paced appellant’s car using his radar, determined
he was speeding, and stopped him.  Officer
Cogburn recognized appellant from previous encounters, and once he confirmed that
appellant’s driver’s license was suspended and that appellant had two
outstanding arrest warrants, Cogburn arrested appellant and patted him down, finding
$1,313 in cash in his wallet.

          Once appellant was handcuffed and placed
in the back of the patrol car, Cogburn saw appellant move his handcuffed hands
toward the rear of his pants such that the parked patrol car shook.  Cogburn testified that it was common for an
arrested person to attempt to hide contraband in his or her anus.  Upon arrival of other officers, Cogburn and the
other deputies inventoried appellant’s vehicle and discovered several small
amounts of cocaine which, once field‑tested, left nothing to mark as
evidence to be admitted into evidence at trial.

          Appellant was transported to the
Dickinson Police Station for processing where, due to the suspicious activity
in Officer Cogburn’s vehicle, he was given a full‑body search upon arrival.
 Dickinson Police Officer Justin Lovel
conducted the full‑body search and found a plastic baggie.  Lovel put it in an envelope for Officer Cogburn,
who photographed it, weighed it, field tested it, and placed it in an evidence
package, which he deposited in a sealed evidence locker at the Galveston County
Identification Division, along with a form requesting scientific analysis by
the Texas Department of Public Safety (DPS). 
Andrew Gardiner, a DPS forensic scientist, analyzed the substance and
determined that it contained 3.92 grams of cocaine.  Officer Cogburn picked up the evidence
package, later marked as State’s Exhibit 14, from the Galveston County
Identification Division on the morning of trial and brought it to court.

          Upon
denial of appellant’s motion for a directed verdict, the defense rested without
offering any witness testimony or evidence.

Discussion

Motion to Suppress

          In his first issue, appellant contends
that the trial court erred when it overruled his motion to suppress all
evidence “whether alleged to be on [appellant’s] person or within his vehicle.”

          In
reviewing a trial court’s ruling on a motion to suppress evidence, we apply a
bifurcated standard of review, giving “almost total deference to [the] trial
court’s determination of historic facts” and reviewing de novo the court’s
application of the law of search and seizure to those facts.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000) (citing Guzman v. State, 955 S.W.2d 85, 88–89
(Tex. Crim. App. 1997)).  If the refusal to suppress was error,
we look for harm.  State v. Daugherty,
931 S.W.2d 268, 273 (Tex. Crim. App. 1996).  We must reverse unless we conclude beyond a
reasonable doubt that the error did not contribute to the conviction.  See Long v. State, 203 S.W.3d 352, 353
(Tex. Crim. App. 2006).  If appellant was
not harmed by the admission of the complained‑of evidence, we affirm the
conviction despite any error in the trial court’s failure to suppress it.  See Tex.
R. App. P. 44.2(a); Neal v. State, 256 S.W.3d 264, 284 (Tex.
Crim. App. 2008); Ibarra v. State, 11 S.W.3d 189, 194 (Tex. Crim. App.
1999) (affirming conviction when, even assuming error in admitting evidence,
appellant not harmed by its admission).

          In the present case,
appellant argues cites Arizona v. Gant
and does not challenge the trial court’s refusal to suppress the evidence on
any other basis.  Gant,
129 S. Ct 1710, 1723 (2009).  In Gant, the United States Supreme Court
held that police may only search the passenger compartment of a vehicle as part
of a search incident to arrest if (1) the defendant is within reaching distance
of the passenger compartment at the time of the search or (2) it is reasonable
to believe the vehicle contains evidence of the offense of arrest.  Id.  Gant
only pertains to searches of the
passenger compartment of a vehicle as part of a search incident to arrest.  Id.
 The cash and baggie‑of-cocaine
evidence in this case were both discovered on appellant’s person.  Assuming
the court erred in admitting evidence obtained during the search of appellant’s
vehicle under Gant, appellant does
not argue that the court abused its discretion in admitting the cash or
cocaine.  Moreover, appellant was not
charged with possession of the cocaine found in his vehicle, but only that found
on his person during the full‑body search conducted at the police station.

          When determining whether a defendant
was harmed by the admission of inadmissible evidence, we are to calculate, as nearly as possible, the
probable impact of the error on the fact‑finder in light of the other
evidence.  Jones v. State, 119
S.W.3d 766, 777 (Tex. Crim. App. 2003).  We
consider whether the inadmissible evidence added something that caused the fact‑finder
to return a different verdict than it would have if the evidence had not been
admitted.  Hill v. State, 692
S.W.2d 716, 723 (Tex. Crim. App. 1985). 
Factors we consider include the importance of the inadmissible evidence
to the prosecution’s case, whether the evidence was cumulative, the presence or
absence of evidence corroborating or contradicting material inadmissible evidence,
and the overall strength of the prosecution’s case.  Delaware v. Van Arsdall, 475 U.S. 673,
684, 106 S. Ct. 1431, 1438 (1986).  While
we do not focus on the propriety of the outcome of the trial, the presence of
overwhelming evidence supporting the finding in question can be a factor in the
evaluation of harmless error.  Wesbrook
v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000).  We consider whether there was a reasonable
possibility that the error, either alone or in context, moved the fact‑finder
from a state of nonpersuasion to one of persuasion as to the issue in
question.  Id.

          Having reviewed the record, we
conclude that even assuming the trial court erred in admitting evidence
discovered during the search of appellant’s vehicle, such error is harmless and
does not require reversal because we are convinced beyond a reasonable doubt
that its admission had no impact on either the guilty verdict or punishment.  See Tex.
R. App. P. 44.2(a); Hernandez v. State, 60 S.W.3d 106, 108
(Tex. Crim. App. 2001).  In reaching this
conclusion, we have considered the source and nature of the error, the extent
to which the evidence was emphasized by the State, and probable collateral
implications of its admission.  See
Harris v. State, 790 S.W.2d 568, 585–87 (Tex. Crim. App. 1989).

          We overrule appellant’s first issue.

Chain
of Custody

          In
his second issue, appellant contends that the trial court erred in admitting
State’s Exhibit 14, the cocaine purportedly found on appellant’s person during
a full body search conducted at the Dickinson jail after he was arrested, based
upon the State’s defective chain‑of‑custody affidavit, which the
trial court also erroneously admitted.

          At
trial, appellant objected to the admission of the chain‑of‑custody affidavit
based upon Texas Code of Criminal Procedure article 38.42, which requires a
chain‑of‑custody affidavit to include, among other things, “the
date and method of receipt and the name of the person from whom or location from which the
item of physical evidence was received.”
 Tex.
Code Crim. Proc. Ann. art. 38.42, § 3(4) (West 2005).  Appellant also argued that the chain‑of‑custody
affidavit was inadmissible because a copy of the
affidavit was not timely served upon defense counsel as required by article
38.42.  See Tex. Code Crim. Proc.
Ann. art. 38.42, § 4 (West 2005) (requiring chain‑of‑custody
affidavit introduced under this article to be filed with clerk and served on
opposing party “[n]ot later than the 20th day before the trial begins”).

          A
chain‑of‑custody affidavit is merely one way for a party to
establish the chain of custody
of physical evidence without the necessity of any person in the chain of custody
personally appearing in court.  Such an
affidavit, however, is not required to establish the chain of custody.  See Ingram v. State, 213 S.W.3d 515, 520–21 (Tex. App.—Texarkana
2007, no pet.).  Even if
appellant is correct in arguing that the trial court erred in admitting the
chain-of‑custody affidavit, such error would be harmless in light of the
fact that the State established the chain of custody through
witness testimony.

          In
the present case, three of the individuals in the chain of custody testified at
appellant’s trial: Officer Cogburn, the arresting officer; Officer Justin Lovel,
the officer who recovered the baggie of cocaine from appellant after the full‑body
search; and Andrew Gardiner, a DPS forensic scientist.

          The
State presented testimony that appellant was arrested during a traffic stop and
transported to the Dickinson police station where Officer Lovel’s search yielded
the plastic baggie containing cocaine.  Lovel
provided the baggie to Cogburn, who photographed it and determined that it
contained 4.7 grams of cocaine.  Cogburn
then placed the cocaine in an evidence package, which he signed, sealed, dated,
and turned over to the Galveston County Identification Division, which sent it
to the DPS laboratory for testing.  Gardiner,
a DPS forensic scientist, testified that he analyzed the substance admitted
into evidence as State’s Exhibit 14 and he determined that it contained 3.92
grams of cocaine.  Officer Cogburn further
testified that he picked up the evidence package, later marked as State’s
Exhibit 14, from the Galveston County Identification Division the morning of
trial and brought it to court with him. 
Because there was no showing that the evidence was tampered with or
altered, this testimony is sufficient to establish the chain of custody.  See Stoker
v. State, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989) (stating proof of
beginning and end of chain of custody will support admission of evidence
barring any showing of tampering or alteration).  Whatever gaps occur
between the beginning and the end of the chain affect the weight, not the
admissibility, of the evidence.  See Lagrone v. State, 942 S.W.2d
602, 617 (Tex. Crim. App. 1997).

          Although
he objected to the admission of the chain‑of‑custody affidavit
(State’s Exhibit 15) during trial, appellant did not object to the admission of
the cocaine (State’s Exhibit 14).  As a
result, appellant failed to preserve this claim for appellate review.  See
Powell v. State, 898 S.W.2d 821, 829 (Tex. Crim. App. 1994) (stating claim
that tangible item of evidence improperly admitted due to lack of proper
authentication not preserved absent specific and timely objection).  Even if appellant had preserved his
objection, the admission of State’s Exhibit 14 was nonetheless proper because,
as previously discussed, the State established the chain of
custody through witness testimony.

          We
overrule appellant’s second issue.

Spoliation
of Evidence

          In
his third issue, appellant contends that the court erred in refusing to
instruct the jury about spoliation of the evidence, as the result of the
State’s inability to produce a DVD recording of the traffic stop taken from Officer
Cogburn’s dashboard camera.  Charge
error is reviewed under the standard set forth in Almanza v.
State, 686 S.W.2d 157 (Tex. Crim. App. 1985).  Under Almanza, we must first determine
whether error exists in the jury charge. 
See id. at 171.  If so, we then
determine whether the harm was sufficient to require reversal.  Id. 
If the error is properly preserved by an objection to the charge, then a
showing of only some harm is sufficient to require reversal; if, however, the
error is not properly preserved, then a showing of egregious harm is required for
reversal.  Id.

          To
be entitled to a spoliation instruction, a defendant must affirmatively show
the evidence was favorable and material to his or her defense.  White v. State, 125 S.W.3d 41, 43–44
(Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  Appellant never asserts, either at trial or
before us, that the dashboard recording was either material or favorable to his
case.  Citing to Arizona v. Youngblood,
488 U.S. 51, 58, 109 S. Ct. 333 (1988) and State v. Vasquez, 230 S.W.3d 744 (Tex. App.—Houston [14th
Dist.] 2007, no pet.), appellant argued to the trial court that the DVD “very
well could be exculpatory to the
defense.”  Evidence that is only potentially useful is not material to a
defendant’s case.  Youngblood, 488
U.S. at 58, 109 S. Ct. at 337; Mahaffey v. State,
937 S.W.2d 51, 53 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  In the present case, appellant merely contends
that the DVD was potentially useful
to him, and such a showing fails to satisfy the requirement of
materiality.  See Mahaffey, 937 S.W.2d at 53.

          Entitlement
to a spoliation instruction for merely potentially
useful evidence requires a showing that the evidence was destroyed in bad faith.  See White, 125 S.W.3d at 43–44; see
generally Youngblood, 488 U.S. at 58, 109 S. Ct. at 337; Mahaffey,
937 S.W.2d at 53.  Nothing in the record
or in appellant’s brief indicates any such destruction or bad faith.  At most, appellant demonstrated the State’s
negligence in its handling of the DVD, and a showing of negligence is not
equivalent to bad faith.  See Saldana v. State, 783 S.W.2d
22, 23 (Tex. App.—Austin 1990, no pet.).  Accordingly, we hold that the trial court did
not err in denying appellant’s requested charge.

          We
overrule appellant’s third issue.

Sufficiency
of the Evidence

          In his fourth and fifth issues,
appellant contends that the evidence is both legally and factually insufficient
to support his conviction.  Specifically,
appellant contends that the evidence is legally insufficient because the State
failed to establish the chain of custody for the cocaine
purportedly found on appellant’s person and failed to properly account for the
weight of the cocaine. 
Appellant also contends that the evidence is factually insufficient
because the evidence linking appellant to the cocaine (State’s Exhibit 14) was so
weak as to undermine confidence in the jury’s determination.  Specifically, appellant contends: “The
Jury had nothing before it, rationally, but a bag of a controlled substance
which was, at most, shown only to have been in the custody of the Galveston [Sheriff’s
Office] at some time, and proof that appellant was arrested in the very general
time frame alleged.  There was evidence
that ‘a’ bag was taken from the accused, but nothing which properly linked that
bag to the specimen admitted as SX-14.”

          We now apply the Jackson
v. Virginia, 443
U.S. 307, 320, 99 S. Ct. 2781, 2789 (1979), sufficiency standard of review to complaints styled as legal or factual
sufficiency challenges concerning the elements of a criminal offense.  See
Ervin v. State, 331 S.W.3d 49, 52–56 (Tex. App.—Houston
[1st Dist.] 2010, pet. ref’d)
(citing Brooks v. State, 323 S.W.3d 893, 894–913 (Tex. Crim. App. 2010)). 
Under the Jackson standard, evidence is insufficient to support a conviction
if, considering all the record evidence in the light most favorable to the
verdict, no rational fact‑finder could have found that each essential
element of the charged offense was proven beyond a reasonable doubt.  See
Jackson, 443 U.S. at 317, 319, 99 S. Ct. 2788, 2789; Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009);
Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007). 
It is the function of the trier of fact to resolve
any conflict of fact, to weigh any evidence, and to evaluate the credibility of
any witnesses.  See Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 
We therefore resolve any inconsistencies in the
evidence in favor of the verdict, and “defer to the jury’s credibility and
weight determinations.”  See Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

          Here, the State’s burden was to prove
beyond a reasonable doubt that appellant knowingly or intentionally possessed
cocaine in an amount of one gram or more but less than four grams.  See Tex.
Health & Safety Code Ann. § 481.115(a), (c) (West 2010).  As previously discussed in our analysis of
the chain‑of‑custody issue, the State presented witness testimony
sufficient to link appellant to the cocaine admitted into evidence as State’s
Exhibit 14.  Under the Jackson standard, any conflicts or inconsistencies
in the witness’s testimony, including any conflicts regarding the weight of the
cocaine, were exclusively within the jury’s province to resolve.  See Dewberry, 4 S.W.3d at 740; Marshall,
210 S.W.3d at 625 (requiring appellate courts to resolve any inconsistencies in
evidence in favor of verdict and “defer to the jury’s credibility and weight
determinations”).  Viewing
the evidence in the light most favorable to the verdict, we conclude that a
rational fact-finder
could have found, beyond a reasonable doubt, that appellant committed the
charged offense and therefore, we hold that the evidence is sufficient to support
appellant’s conviction.

          We overrule appellant’s fourth and
fifth issues.




 

Conclusion

          We affirm the judgment of the trial
court.

 

 

                                                                   Jim
Sharp

                                                                   Justice

 

                                                                   

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).