**Florencio SALAZAR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–05–00162–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 23, 2005.

Kelly L. Gatewood, State Counsel for Offenders, Huntsville, for appellant.

Melinda Mayo, Special Prosecution Unit, Amarillo, Rene M. Pena, Crim. Dist. Atty., Floresville, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Florencio Salazar, Jr. appeals his conviction for possession of a deadly weapon in a penal institution. In one issue, Salazar contends that the trial court erred by denying his motion to suppress evidence. According to Salazar, his due process rights were violated by law enforcement officers destroying potentially exculpatory evidence consisting of a videotape of the prison riot in which he was involved and upon which the charge against him was based. Finding no error, we affirm the trial court's judgment.

### STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress for abuse of discretion. *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997). Under this standard, we afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the findings are based on an evaluation of credibility and demeanor. *Id.* When reviewing a trial court's ruling on a mixed question of law and fact, we review de novo the trial court's application of the law to the facts of the case. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). However, we also afford almost total deference to the trial court's evaluation of the credibility and demeanor of the witnesses. *Id.* And, when there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable

to the trial court's ruling. *Id.* The trial court's ruling must be upheld if it is correct under any theory of law applicable to the case. *Id.*

### DISCUSSION

On July 2, 2003, Salazar was legally incarcerated at the Connally Unit in Kenedy, Texas. On that morning, he, along with about fifty to seventy other prisoners, left their cells to go to work. Salazar was strip searched, and no weapons were found. As the prisoners were going to work, a riot broke out involving twenty to twenty-five prisoners. The riot lasted about thirty minutes. According to Salazar, there was a picket in the area with a video camera that could record what was going on. And, Salazar contends two officers were operating hand-held video cameras. During the riot, Salazar was stabbed in the lip. Although one of the officers said Salazar had a weapon, Salazar denied it. Salazar contends that at a disciplinary hearing that was held six days after the riot, he requested that the videotapes of the event be preserved. The State, however, produced no videotapes. Salazar believes that the videotapes would show that he was not in control of a deadly weapon.

It is the practice of the Texas Department of Corrections to re-use videotapes so that events are taped over every fourteen days. There is also an administrative directive in place that requires a crime scene to be protected by the preservation of evidence, including pictures and videos. The investigator, Sheila Thomas, testified that no videotapes were made available to her. It was the State's position at trial that any videotapes that may have existed were simply taped over as a matter of routine.

■ The State has a duty to preserve evidence that possesses "an exculpatory value that was apparent before the evidence was destroyed." *California v. Trombetta,* 467 U.S. 479, 488–89, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *see Jackson v. State,* 50 S.W.3d 579, 588–89 (Tex.App.-Fort Worth 2001, pet. ref'd); *Mahaffey v. State,* 937 S.W.2d 51, 53 (Tex.App.-Houston [1st Dist.] 1996, no pet.). Therefore, a defendant must demonstrate the lost evidence is both favorable and material to his case. *See Jackson,* 50 S.W.3d at 589 (citing *United States v. Valenzuela–Bernal,* 458 U.S. 858, 873, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)); *Mahaffey,* 937 S.W.2d at 53. A showing that the lost evidence might have been favorable does not meet the materiality standard. *Jackson,* 50 S.W.3d at 589; *Hebert v. State,* 836 S.W.2d 252, 254 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). In addition, the accused must show that the State acted in bad faith when it failed to preserve the evidence in order to show a violation of due process or due course of law. *Jackson,* 50 S.W.3d at 589 (citing *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), for due process and *Mahaffey,* 937 S.W.2d at 53, for due course of law).

On appeal, the State urges that the only evidence of the existence of the videotapes came from Salazar and, because the trial court ruled against Salazar on the motion to suppress, the trial court must not have believed him. Further, according to the State, Salazar has not met his burden to show that the videotapes contained exculpatory evidence or that the failure of the State to preserve the videotapes amounted to bad faith.

■ Applying the above-stated rules regarding the failure to preserve evidence, we hold that the trial court did not err in overruling Salazar's motion to suppress. Even if the videotapes did exist, there is simply no evidence of what the videotapes would have shown. Further, there is no evidence that the State's failure to preserve the videotapes was as a result of bad faith.

Salazar further urges, however, that "courts have been moving away from [the *Youngblood* standard], finding that their own state constitutions provide stronger due process protections than those of the United States Constitution." One of our sister courts of appeals, the Waco Court of Appeals, did in fact so hold in *Pena v. State,* 166 S.W.3d 274 (Tex.App.-Waco 2005, pet. granted). In *Pena,* the trial court denied a motion to suppress in a drug possession case where the marijuana had been destroyed after the State had tested it but before the defendant had an opportunity to conduct an independent analysis. *Id.* at 277. The Waco court held that because the Texas Constitution provides a greater level of protection than the United States Constitution, the trial court's denial of the motion to suppress should be reversed and remanded, even though there was no evidence of bad faith on the part of law enforcement officials.[1] *Id.* at 281. We decline, however, to follow the holding of the Waco court. As Justice

1. The Fourteenth Amendment to the United States Constitution provides the following: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Article 1, section 19 of the Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land."

Gray noted in his dissent in *Pena*, the Texas Supreme Court has consistently held the due course of law provision of the Texas Constitution and the Due Process Clause of the United States Constitution to be equivalent. *Pena,* 166 S.W.3d 274, 284 n. 1 (Gray, J., dissenting).

We, therefore, affirm the trial court's judgment.