NO. 07-06-0086-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 9, 2006


______________________________


 

ENRIQUE ALVARADO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403998; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Enrique Alvarado, appeals from his conviction for driving while
intoxicated, with two previous convictions for driving while intoxicated. Punishment was
assessed at five years confinement, confinement suspended and appellant placed on
community supervision for a period of ten years. We affirm.



Factual background


 On September 11, 2003, DPS trooper Kim LaCaze was arresting a driver for the
offense of driving while intoxicated and ticketing a passenger for public intoxication when
she allowed the passenger to call someone to come pick him up. The passenger called
appellant. When appellant arrived at the scene, he parked at the far side of the parking
lot and did not approach the trooper until requested to do so. When appellant arrived at
the trooper's position, the trooper noticed an odor of an alcoholic beverage on appellant's
breath. Field sobriety tests were then administered to appellant and he was subsequently
arrested for driving while intoxicated.

 Appellant contends that the trial court committed error by allowing improper
impeachment of a defense witness and by refusing to give a requested jury instruction.

Impeachment of defense witness


 Appellant first contends that the trial court allowed the State to improperly impeach
defense witness, Richard Rodriguez. Rodriguez was called by appellant to testify that he,
Rodriguez, was the person driving appellant's vehicle when it arrived at the scene. In order
to determine the scope of the State's cross-examination, specifically related to
impeachment, a hearing was held outside the presence of the jury to ascertain Rodriguez's
criminal history. The trial court heard evidence that Rodriguez had a pending driving while
intoxicated charge in New Mexico and failed to appear to answer the charges. Additionally,
Rodriguez had two convictions for theft and an indecent exposure conviction, all dating
back to the 1970's. The trial court ruled that the State could cross-examine Rodriguez as
to the prior convictions. At the trial before the jury, Rodriguez testified on direct
examination that he had an outstanding warrant for driving while intoxicated in New Mexico
and had previously been convicted twice of theft. During the State's cross-examination
Rodriguez additionally admitted to the previous conviction for indecent exposure. 
Subsequently, appellant developed testimony that the indecent exposure conviction
resulted when Rodriguez had been urinating in an alley way. 

Analysis


 We review the admission of evidence under an abuse of discretion standard. See
Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). A reviewing court should
not reverse the trial judge's decision whose ruling was within the zone of reasonable
disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

 By questioning Rodriguez during direct examination about his criminal history and
eliciting testimony regarding two theft convictions and the pending DWI, appellant placed
this information before the jury. Since appellant elicited this information, he cannot now
complain of the evidence being considered by the jury. See Johnson v. State, 981 S.W.2d
759, 760 ) (Tex.App.-Houston [1st Dist] 1998, pet. ref'd) (citing Wilkerson v. State, 736
S.W. 2d 656, 662 (Tex.Crim.App. 1987)). We conclude that the trial court did not err in
allowing the testimony regarding the theft convictions nor any testimony related to the
driving while intoxicated charge in New Mexico.

 Next, appellant contends that the trial court erred in allowing the State to cross-examine Rodriguez about the conviction for indecent exposure because it was not proven
to be a crime of moral turpitude. During the hearing out of the presence of the jury,
Rodriguez testified that the conviction for indecent exposure occurred in Texas, was for
urinating in public, and that the date of the conviction was during the 1970's. 

 Appellant contends that the indecent exposure conviction is comparable to
disorderly conduct because the offense did not involve sexual gratification. Appellant
further contends that disorderly conduct without proof of intent to arouse or gratify the
sexual desire of any person is not a crime involving moral turpitude. However, indecent
exposure as originally enacted in 1973 involved exposure of a persons "anus or any part
of his genitals with intent to arouse or gratify the sexual desire of any person . . . ." Acts
1973, 63rd Leg., R.S., ch. 399, § 1, sec. 21.08, 1973 Tex. Gen. Laws 885, 917 (amended
1983) (current version at Tex. Penal Code Ann. § 21.08 (Vernon 2003)). It is the intent to
arouse or gratify sexual desire of any person which makes indecent exposure a crime of
moral turpitude. Polk v. State, 865 S.W.2d 627, 630 (Tex.App.-Fort Worth 1993, pet.
ref'd). Contrary to the assertions of appellant, the testimony was that Rodriguez was
convicted of indecent exposure rather than disorderly conduct. Accordingly, the trial court
did not abuse his discretion in overruling appellant's objection to allowing the State to
impeach Rodriguez with a conviction for indecent exposure as it is a crime involving moral
turpitude. 

 Thirdly, appellant contends that the indecent exposure conviction was too remote
to be considered by the trial court. The general rule in Texas is that proof of a prior
conviction is not admissible if more than ten years has elapsed since the date of
conviction. Tex. R. Evid. 609(b). The rule further provides an exception if the trial court
determines that the probative value of the conviction, as shown by the specific facts and
circumstances substantially outweighs the conviction's prejudicial effect. Id. For example,
the Court of Criminal Appeals has held that an exception to the general rule of Rule 609(b)
occurs when the witness has demonstrated through later conduct that he has not reformed. 
Lucas v. State, 791 S.W.2d 35, 51 (Tex.Crim.App. 1989) (flight to avoid prosecution for
driving while intoxicated demonstrative of a lack of reformation of a person's character). 
The State posits that evidence that Rodriguez had failed to appear to answer the driving
while intoxicated charge in New Mexico, at the time of trial, is probative of his lack of
reformation. Although, Lucas was tried before the adoption of our current rules of
evidence, the Court of Criminal Appeals was cognizant of the adoption of the rules of
evidence and, in fact, referred to Rule 609 in footnote 9 of the opinion. Id. Cases since
Lucas have supported the reasoning for allowing the use of the evidence as proof of lack
of reformation. See LaHood v. State, 171 S.W.3d 613, 620 (Tex.App-Houston [14th Dist.]
2005, pet. ref'd); Jackson v. State, 50 S.W.3d 579, 591 (Tex.App-Fort Worth 2001, pet.
ref'd). Accordingly, we cannot say that allowing the State to question Rodriguez about his
conviction for indecent exposure was an abuse of discretion. Appellant's first issue is
overruled.

Requested jury instruction


 Appellant next contends that the trial court erred in refusing to give a requested jury
instruction regarding destruction or loss of evidence. The record reflects that the DPS
trooper had originally stopped another individual for driving while intoxicated. The vehicle
driven by the DPS trooper was equipped with an in-car video and audio recording device. 
The tape from the first arrest was destroyed according to standard procedure of the DPS
after the disposition of the case against the first driver. The record further reflects that the
camera was never turned to allow video taping of appellant's field sobriety tests. The
videotape did, however, contain some audio of the arrest of appellant. Based upon the
facts, appellant contends that the jury should have been instructed that, since the State
had the capacity to preserve the recording, the jury should infer that the destroyed
evidence was favorable to appellant and unfavorable to the State. 

Analysis


 Appellant posits that the due process clause of the Texas Constitution sets a higher
standard when dealing with lost or destroyed exculpatory evidence than that enumerated
in the United States Constitution. Pena v. State, 166 S.W.3d 274, 282 (Tex.App-Waco
2005, pet granted). Subsequently, the Court of Criminal Appeals vacated the judgment of
the Waco court and remanded the case. Pena v. State, 191 S.W.3d 133 (Tex.Crim.App.
2006). Inasmuch as the original opinion has been vacated, it has no precedential value. 
However, since the original opinion in Pena by the Waco Court, the same issue has been
reviewed by the San Antonio Court of Appeals. See Salazar v. State, 185 S.W.3d 90
(Tex.App.-San Antonio 2005, no pet.). The Salazar court was dealing with a motion to
suppress seeking to suppress testimony that appellant had used a weapon during a prison
riot. The facts revealed that the prison system had videotaped the riot, and according to
appellant, the videotape would have shown that he was not armed with a weapon, thereby
contradicting the testimony of the prison guards. The appellant in Salazar contended that
the Texas Constitutional guarantee of due process provided stronger protection than that
afforded under the United States Constitution. The San Antonio Court refused to follow
the reasoning set forth in the original Pena opinion and held that the Texas Constitution
and the United States Constitution afforded the same standard of protection when dealing
with the loss or destruction of evidence in the possession of the State. Salazar, 185
S.W.3d at 92. We agree with the San Antonio court. 

 It is beyond dispute that the State has a duty to preserve evidence in its possession. 
California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct 2528, 81 L.Ed.2d 413 (1984);
Jackson, 50 S.W.3d at 588. The appellant must then demonstrate that the evidence was
both favorable and material to his case. Id. at 589. Simply showing that the evidence
might have been favorable does not meet the materiality standard. Id. Finally, in order to
sustain a violation of due process or due course of law an appellant must prove that the
State acted in bad faith when it lost or destroyed the evidence. Id. (citing Arizona v.
Youngblood, 488 U.S.51, 58, 109 S.Ct 333, 102 L.Ed.2d 281(1988), for due process and
Mahaffey v. State, 937 S.W.2d 51, 53 (Tex.App.-Houston [1st Dist.] 1996, no pet.), for due
course of law). 

 Appellant's contention fails for two reasons. First, the record does not demonstrate
that the evidence would have been favorable. At best, the record simply implies that it
might have been favorable. Therefore, appellant has failed to meet the materiality
standard. Jackson, 50 S.W.3d at 589. Second, there is no testimony in the record, nor
any assertion by the appellant, that the State acted in bad faith. Id. Therefore, the trial
court did not err in refusing to give the requested jury instruction. We overrule appellant's
second issue.

Conclusion


 Having overruled appellant's issues, we affirm the trial court. 


 Mackey K. Hancock

 Justice






Do not publish. 




 



ked="false" Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0112-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MAY 11, 2011

______________________________

 

 

KENNETH RAY MCCAIN, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

 

NO. 127,946; HONORABLE W.F. "CORKY" ROBERTS,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER GRANTING MOTION
FOR REHEARING

            By opinion dated March
29, 2011, this Court dismissed this appeal for want of jurisdiction due to the
notice of appeal having been untimely filed.[1]  On April 13, 2011, Appellant filed a Motion for Rehearing explaining that the
trial court's judgment reflected an incorrect sentencing date.  The motion was accompanied by a Nunc Pro Tunc Judgment
reflecting Appellant was sentenced on January 25, 2011, and not on January 24,
2011.  This Court requested that the
State file a response to Appellant's Motion
for Rehearing.  In its response, the
State concurs with Appellant that he was sentenced on January 25, 2011.  Calculating from the new sentencing date and
applying the fifteen-day extension period of Rule 26.3 of the Texas Rules of
Appellate Procedure, Appellant's notice of appeal was timely filed on March 11,
2011. 

We grant Appellant's motion for rehearing, withdraw our
opinion and judgment of March 29, 2011, and reinstate this appeal.  Our disposition further requires that we
grant Appellant's Motion to Extend Time
for Filing Notice of Appeal which was filed on March 11, 2011, in order for
Appellant to benefit from the fifteen-day extension period of Rule 26.3.[2]  All briefing deadlines shall be in accordance
with the applicable Rules of Appellate Procedure.

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]The
trial court's judgment reflected that sentence was imposed on January 24, 2011,
making the notice of appeal due on February 23, 2011.  Tex. R. App. P. 26.2(a)(1).  Applying the fifteen-day extension period of
Rule 26.3 of the Texas Rules of Appellate Procedure advanced the deadline to
March 10, 2011.  Because the notice of
appeal and a motion for extension of time were not filed until March 11, 2011,
based upon that record, we had no choice but to dismiss the appeal for want of
jurisdiction.    





[2]The
Court accepts Appellant's counsel's reasonable explanation for the delay in
filing the notice of appeal.  See Tex. R. App. P. 10.5(b)(A).