NO. 07-06-0086-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 9, 2006
_____

ENRIQUE ALVARADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403998; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Enrique Alvarado, appeals from his conviction for driving while intoxicated, with two previous convictions for driving while intoxicated. Punishment was assessed at five years confinement, confinement suspended and appellant placed on community supervision for a period of ten years. We affirm.

Factual background

On September 11, 2003, DPS trooper Kim LaCaze was arresting a driver for the offense of driving while intoxicated and ticketing a passenger for public intoxication when she allowed the passenger to call someone to come pick him up. The passenger called appellant. When appellant arrived at the scene, he parked at the far side of the parking lot and did not approach the trooper until requested to do so. When appellant arrived at the trooper's position, the trooper noticed an odor of an alcoholic beverage on appellant's breath. Field sobriety tests were then administered to appellant and he was subsequently arrested for driving while intoxicated.

Appellant contends that the trial court committed error by allowing improper impeachment of a defense witness and by refusing to give a requested jury instruction.

## Impeachment of defense witness

Appellant first contends that the trial court allowed the State to improperly impeach defense witness, Richard Rodriguez. Rodriguez was called by appellant to testify that he, Rodriguez, was the person driving appellant's vehicle when it arrived at the scene. In order to determine the scope of the State's cross-examination, specifically related to impeachment, a hearing was held outside the presence of the jury to ascertain Rodriguez's criminal history. The trial court heard evidence that Rodriguez had a pending driving while intoxicated charge in New Mexico and failed to appear to answer the charges. Additionally, Rodriguez had two convictions for theft and an indecent exposure conviction, all dating back to the 1970's. The trial court ruled that the State could cross-examine Rodriguez as

2

to the prior convictions. At the trial before the jury, Rodriguez testified on direct examination that he had an outstanding warrant for driving while intoxicated in New Mexico and had previously been convicted twice of theft. During the State's cross-examination Rodriguez additionally admitted to the previous conviction for indecent exposure. Subsequently, appellant developed testimony that the indecent exposure conviction resulted when Rodriguez had been urinating in an alley way.

Analysis

We review the admission of evidence under an abuse of discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). A reviewing court should not reverse the trial judge's decision whose ruling was within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

By questioning Rodriguez during direct examination about his criminal history and eliciting testimony regarding two theft convictions and the pending DWI, appellant placed this information before the jury. Since appellant elicited this information, he cannot now complain of the evidence being considered by the jury. See Johnson v. State, 981 S.W.2d 759, 760 ) (Tex.App.–Houston [1st Dist] 1998, pet. ref'd) (citing Wilkerson v. State, 736 S.W. 2d 656, 662 (Tex.Crim.App. 1987)). We conclude that the trial court did not err in allowing the testimony regarding the theft convictions nor any testimony related to the driving while intoxicated charge in New Mexico.

Next, appellant contends that the trial court erred in allowing the State to cross-examine Rodriguez about the conviction for indecent exposure because it was not proven

3

to be a crime of moral turpitude.  During the hearing out of the presence of the jury, Rodriguez testified that the conviction for indecent exposure occurred in Texas, was for urinating in public, and that the date of the conviction was during the 1970's.

Appellant contends that the indecent exposure conviction is comparable to disorderly conduct because the offense did not involve sexual gratification.  Appellant further contends that disorderly conduct without proof of intent to arouse or gratify the sexual desire of any person is not a crime involving moral turpitude.  However, indecent exposure as originally enacted in 1973 involved exposure of a persons "anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person . . . ."  Acts 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 21.08, 1973 Tex. Gen. Laws 885, 917 (amended 1983) (current version at TEX. PENAL CODE ANN. § 21.08 (Vernon 2003)).  It is the intent to arouse or gratify sexual desire of any person which makes indecent exposure a crime of moral turpitude.  Polk v. State, 865 S.W.2d 627, 630 (Tex.App.–Fort Worth 1993, pet. ref'd).  Contrary to the assertions of appellant, the testimony was that Rodriguez was convicted of indecent exposure rather than disorderly conduct.  Accordingly, the trial court did not abuse his discretion in overruling appellant's objection to allowing the State to impeach Rodriguez with a conviction for indecent exposure as it is a crime involving moral turpitude.

Thirdly, appellant contends that the indecent exposure conviction was too remote to be considered by the trial court.  The general rule in Texas is that proof of a prior conviction is not admissible if more than ten years has elapsed since the date of conviction.  TEX. R. EVID. 609(b).  The rule further provides an exception if the trial court

4

determines that the probative value of the conviction, as shown by the specific facts and circumstances substantially outweighs the conviction's prejudicial effect. Id. For example, the Court of Criminal Appeals has held that an exception to the general rule of Rule 609(b) occurs when the witness has demonstrated through later conduct that he has not reformed. Lucas v. State, 791 S.W.2d 35, 51 (Tex.Crim.App. 1989) (flight to avoid prosecution for driving while intoxicated demonstrative of a lack of reformation of a person's character). The State posits that evidence that Rodriguez had failed to appear to answer the driving while intoxicated charge in New Mexico, at the time of trial, is probative of his lack of reformation. Although, Lucas was tried before the adoption of our current rules of evidence, the Court of Criminal Appeals was cognizant of the adoption of the rules of evidence and, in fact, referred to Rule 609 in footnote 9 of the opinion. Id. Cases since Lucas have supported the reasoning for allowing the use of the evidence as proof of lack of reformation. See LaHood v. State, 171 S.W.3d 613, 620 (Tex.App–Houston [14th Dist.] 2005, pet. ref'd); Jackson v. State, 50 S.W.3d 579, 591 (Tex.App–Fort Worth 2001, pet. ref'd). Accordingly, we cannot say that allowing the State to question Rodriguez about his conviction for indecent exposure was an abuse of discretion. Appellant's first issue is overruled.

## Requested jury instruction

Appellant next contends that the trial court erred in refusing to give a requested jury instruction regarding destruction or loss of evidence. The record reflects that the DPS trooper had originally stopped another individual for driving while intoxicated. The vehicle driven by the DPS trooper was equipped with an in-car video and audio recording device.

The tape from the first arrest was destroyed according to standard procedure of the DPS after the disposition of the case against the first driver. The record further reflects that the camera was never turned to allow video taping of appellant's field sobriety tests. The videotape did, however, contain some audio of the arrest of appellant. Based upon the facts, appellant contends that the jury should have been instructed that, since the State had the capacity to preserve the recording, the jury should infer that the destroyed evidence was favorable to appellant and unfavorable to the State.

## Analysis

Appellant posits that the due process clause of the Texas Constitution sets a higher standard when dealing with lost or destroyed exculpatory evidence than that enumerated in the United States Constitution. Pena v. State, 166 S.W.3d 274, 282 (Tex.App–Waco 2005, pet granted). Subsequently, the Court of Criminal Appeals vacated the judgment of the Waco court and remanded the case. Pena v. State, 191 S.W.3d 133 (Tex.Crim.App. 2006). Inasmuch as the original opinion has been vacated, it has no precedential value. However, since the original opinion in Pena by the Waco Court, the same issue has been reviewed by the San Antonio Court of Appeals. See Salazar v. State, 185 S.W.3d 90 (Tex.App.–San Antonio 2005, no pet.). The Salazar court was dealing with a motion to suppress seeking to suppress testimony that appellant had used a weapon during a prison riot. The facts revealed that the prison system had videotaped the riot, and according to appellant, the videotape would have shown that he was not armed with a weapon, thereby contradicting the testimony of the prison guards. The appellant in Salazar contended that the Texas Constitutional guarantee of due process provided stronger protection than that

6

afforded under the United States Constitution. The San Antonio Court refused to follow the reasoning set forth in the original Pena opinion and held that the Texas Constitution and the United States Constitution afforded the same standard of protection when dealing with the loss or destruction of evidence in the possession of the State. Salazar, 185 S.W.3d at 92. We agree with the San Antonio court.

It is beyond dispute that the State has a duty to preserve evidence in its possession. California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct 2528, 81 L.Ed.2d 413 (1984); Jackson, 50 S.W.3d at 588. The appellant must then demonstrate that the evidence was both favorable and material to his case. Id. at 589. Simply showing that the evidence might have been favorable does not meet the materiality standard. Id. Finally, in order to sustain a violation of due process or due course of law an appellant must prove that the State acted in bad faith when it lost or destroyed the evidence. Id. (citing Arizona v. Youngblood, 488 U.S.51, 58, 109 S.Ct 333, 102 L.Ed.2d 281(1988), for due process and Mahaffey v. State, 937 S.W.2d 51, 53 (Tex.App.–Houston [1st Dist.] 1996, no pet.), for due course of law).

Appellant's contention fails for two reasons. First, the record does not demonstrate that the evidence would have been favorable. At best, the record simply implies that it might have been favorable. Therefore, appellant has failed to meet the materiality standard. Jackson, 50 S.W.3d at 589. Second, there is no testimony in the record, nor any assertion by the appellant, that the State acted in bad faith. Id. Therefore, the trial court did not err in refusing to give the requested jury instruction. We overrule appellant's second issue.

Conclusion

Having overruled appellant's issues, we affirm the trial court.



Mackey K. Hancock
Justice



Do not publish.