

# NUMBER 13-23-00337-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CARLOS RODRIGUEZ MORALES,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

## ON APPEAL FROM THE 406TH DISTRICT COURT
## OF WEBB COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

A jury convicted appellant Carlos Rodriguez Morales of smuggling of person, a first-degree felony, and he was sentenced to eighteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.05(b)(2)(A) (increasing the offense to a first-degree felony with a minimum ten-year prison term when the smuggled individual became a victim of sexual assault as a direct result of the commission of the offense). By three issues, which we

consolidate, Morales argues the trial court erred in denying his motion to dismiss because the State failed to disclose exculpatory evidence in violation of *Brady* and the Michael Morton Act. We affirm.[1]

## I. MOTION TO DISMISS

Morales argues that the trial court erred by denying his motion to dismiss based on alleged violations of *Brady* and Article 39.14 of the Texas Code of Criminal Procedure. *See Brady v. Maryland*, 373 U.S. 83 (1963); *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14. Morales complains that the State did not disclose contents of a cell phone, "delayed in disclosing security camera footage that showed [Morales and the complainant] successfully crossing the checkpoint earlier" on the day of the offense, failed to disclose bodycam footage from the border patrol,[2] and failed to disclose the complainant's birth certificate. Lastly, Morales claims that the State failed to disclose notes from law enforcement and that the notes "were destroyed before the defense could access them."

### A. Applicable Law

"The State has a constitutional duty to disclose to a defendant material, exculpatory evidence" in its possession or known to exist. *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011). A *Brady* claim requires proof that the sought-after evidence was both material and favorable to the defendant. *Id.* at 809. "Favorable evidence is any

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Border Patrol Agent Christopher Flores testified that in March 2022, the time this incident occurred, the Border Patrol Agency did not use body cameras.

2

evidence that, if disclosed and used effectively, may make a difference between conviction and acquittal and includes both exculpatory and impeachment evidence." *Ex parte Lalonde*, 570 S.W.3d 716, 724 (Tex. Crim. App. 2019) (citing *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)). "A federal due process violation occurs if the State fails to disclose material exculpatory evidence" in its possession "regardless of whether the State acted in bad faith." *Moody v. State*, 551 S.W.3d 167, 170 (Tex. App.—Fort Worth 2017, no pet.).

If a defendant seeks to prove a due process violation based on the State's destruction of "potentially useful evidence," the defendant bears the burden to prove that the State acted in bad faith. *See Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010); *see also Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.) ("When a defendant desires to prove the State failed to preserve potentially useful evidence, he has to establish that the evidence was (1) material, (2) favorable to the defense, and (3) destroyed in bad faith by the State."). Bad faith requires a showing of "some sort of improper motive, such as personal animus against the defendant or a desire to prevent the defendant from obtaining evidence that might be useful." *Napper*, 322 S.W.3d at 238. "When conduct can, at worst, be described as negligent, the failure to preserve evidence does not rise to the level of a due process violation." *Guzman v. State*, 539 S.W.3d 394, 401 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

3

Article 39.14, the Michael Morton Act, imposes a free-standing duty on the State and its agencies to disclose all exculpatory, impeaching, and mitigating evidence in its possession, custody, or control that tends to negate guilt or reduce punishment for the offense charged. TEX. CODE CRIM. PROC. ANN. art. 39.14(a), (h); *see State v. Heath*, 696 S.W.3d 677, 698 (Tex. Crim. App. 2024) (concluding that the duty applies "to the prosecutor as well as law enforcement").

## B.     Discussion

The State asserts that *Brady* and Article 39.14 do not apply because the subject items were not in the State's possession. Morales does not argue that the complained-of evidence including—the cell phone, the security footage, the birth certificate, and the bodycam video—was in "possession, custody, or control of the State." *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(a), (h). In fact, in his motion to dismiss, Morales attached a transcript from an examining trial wherein Morales stated, "[I]f [the State] doesn't have it, then it's in the possession of one of the government entities as well." The trial court responded, "Right. So, it's not in the possession of the State government, but it's in possession of the Federal Government." In his brief, Morales asserts that "*Border Patrol agents* seized a 'Green Cricket cellphone' from [the complainant] at the Laredo North Border Patrol Immigration Checkpoint" (emphasis added) and that the State failed to disclose the complainant's "certified birth certificate from the Mexican consulate," which he asserts was crucial to "establish her age beyond a reasonable doubt."

*Brady* and Article 39.14 do not require the State to disclose exculpatory information that the State does not have in its possession and is not known to exist. *Peña*, 353 S.W.3d

4

at 811; *Heath*, 696 S.W.3d at 692 (holding that the Article 39.14 discovery obligations are carried out by prosecutors as representatives of the State of Texas). ). The United States Border Patrol and Mexican Consulate are not agencies of the State of Texas. *See Heath*, 696 S.W.3d at 701; *see also Kappmeyer v. State*, 127 S.W.3d 178, 181 (Tex. App.— Houston [1st Dist.] 2003, no pet.) (recognizing that the United States and the State of Texas are separate sovereigns and therefore separate parties). The State of Texas was thus not in possession, custody, or control of the cell phone, security footage, bodycam footage, or birth certificate. *Cf. Peña*, 353 S.W.3d at 810 (finding a *Brady* violation where "agents of the State" maintained exclusive control over the evidence). Accordingly, we conclude the trial court did not err in denying Morales's motion to dismiss on the basis that the State failed to disclose those items. *See Peña*, 353 S.W.3d at 811; *Heath*, 696 S.W.3d at 692.

Lastly, Morales complains about the State's alleged "destruction" of law enforcement notes. Lietuenant Jose Sotelo with the Laredo Police Department testified that he interviewed the complainant in this case, who accused Morales of rape. Sotelo stated that he keeps "very basic information like times, names, [and] colors" in his notes, and he does not keep copies of his notes because they get transferred to a police report. Thereafter, the general notes get discarded. In this case, he discarded his notes—which contained times, dates, colors, and names—approximately one month after this incident.

According to Morales, this evidence contained "potential exculpatory value"; "could contain discrepancies or additional details not in the formal reports, which could have been crucial for impeachment purposes"; "had the potential to impeach [the

complainant]'s testimony, provide alternative explanations for the events, or reveal procedural errors by law enforcement"; and "could have led to a different trial outcome." However, "[a] showing that the lost evidence *might* have been favorable does not meet the materiality standard." *Salazar*, 185 S.W.3d at 92 (emphasis added); *see also Guzman*, 539 S.W.3d at 401 ("A defendant must affirmatively show that the lost evidence was favorable and material to his defense."); *Gomez v. State*, No. 04-13-00205-CR, 2014 WL 2601724, at *2 (Tex. App.—San Antonio June 11, 2014, no pet.) (mem. op., not designated for publication) ("[T]he defendant who complains about the destruction of evidence must demonstrate to the trial court that the evidence is both favorable and material to his case."). Morales does not inform this Court how Sotelo's notes make a difference between conviction and acquittal or how there is a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different. *See Ex parte Lalonde*, 570 S.W.3d 716, 724 (Tex. Crim. App. 2019). Based on this record, we cannot determine that the existence of this evidence was material or favorable to Morales's case because he does not inform us what the evidence would have shown. *See Salazar*, 185 S.W.3d at 92.

Moreover, Morales "must show that the State acted in bad faith when it failed to preserve the evidence in order to show a violation of due process or due course of law." *Id*. Morales has not met his burden to show that the alleged failure of the State to preserve the notes amounted to bad faith. *See Napper*, 322 S.W.3d at 238; *Guzman*, 539 S.W.3d at 402. Accordingly, the trial court did not err in denying Morales's motion to dismiss on this basis.

6

In evaluating a request to dismiss based on a violation of Article 39.14, it is important to consider the specific legislative purpose of the Code, in light of the evidence. The Code is intended to adopt rules for the prosecution of criminal offenses and thereby discourage criminal conduct. *See* TEX. CODE CRIM. PROC. ANN. art. 1.03 ("Objects of the Code"). In this case, Morales's identity was conclusively established by DNA, and details of the criminal conduct were conveyed through eye-witness victim testimony. Dismissing the charges in this case would not be consistent with the objectives of the Code. *See id.* We overrule his sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of March, 2025.

7